# UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT OF WYOMING

FEB - 1 2007

Stephan Harris, Clerk
Casper

—————— DISTRICT OF WYOMING ——————

UNITED STATES OF AMERICA

V.

**RAYMOND NORCUTT, JR.,**

CRIMINAL COMPLAINT

CASE NUMBER: $O7-m-1l_o-D$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On or about December 15, 2006, in the District of Wyoming, the Defendant, **RAYMOND NORCUTT, JR.,** did knowingly, intentionally, and unlawfully distribute approximately five grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

### (COMPLAINT CONTINUED)

I further state that I am a Special Agent, Wyoming Division of Criminal Investigation, and that this Complaint is based on the following facts:

### (SEE ATTACHED AFFIDAVIT)

Continued on the attached sheet and made a part hereof:   **XX Yes**      No

Signature of Complainant
Jack J. Killey

Sworn to before me and subscribed in my presence,

| February 1, 2007 | at | Casper, Wyoming |
|---|---|---|
| Date | | City and State |

R. Michael Shickich
U.S. Magistrate Judge

Name & Title of Judicial Officer                    Signature of Judicial Officer

ATTACHMENT TO THE COMPLAINT
CONTINUATION OF CRIMINAL COMPLAINT
*U.S. v. NORCUTT*

## COUNT TWO

On or about January 28, 2007, in the District of Wyoming, the Defendant, **RAYMOND NORCUTT, JR.**, did knowingly, intentionally, and unlawfully distribute approximately seven grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT THREE

On or about January 28, 2007, in the District of Wyoming, the Defendant, **RAYMOND NORCUTT, JR.** having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a stainless steel Jennings .380 semi-automatic pistol, Model Brico 59, with the serial number having been removed and obliterated, which had previously traveled in and affected interstate commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1).

## COUNT FOUR

On or about January 28, 2007, in the District of Wyoming, the Defendant, **RAYMOND NORCUTT, JR.,** did knowingly, intentionally, and unlawfully possess a firearm in furtherance of a federal drug trafficking crime, namely, distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as more fully alleged in Count Two of the Complaint.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT FIVE

On or about January 28, 2007, in the District of Wyoming, the Defendant, **RAYMOND NORCUTT, JR.**, did knowingly possess a firearm, to wit: a stainless steel Jennings .380 semi-automatic pistol, Model Brico 59, with an obliterated serial number, which had at any time traveled in interstate commerce.

In violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B).

## COUNT SIX

On or about January 31, 2007, in the District of Wyoming, the Defendant, **RAYMOND NORCUTT, JR.**, did knowingly, intentionally, and unlawfully possess with intent to distribute approximately twenty-eight grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

ATTACHMENT TO THE COMPLAINT

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

*U.S. v. NORCUTT*

1.   Your affiant is a certified Wyoming peace officer and has been for approximately 6 years and is employed by the Casper Police Department, assigned to the Division of Criminal Investigation as a Special Agent for approximately 1 year.

2.   Your affiant was involved in the criminal investigation of RAYMOND NORCUTT, who was known to distribute methamphetamine and firearms as early as October of 2006.

3.   As a result, on December 15, 2006, your affiant met with NORCUTT at the Mini-Mart at 703 N. McKinley, Casper Wyoming.  NORCUTT got into your affiant's vehicle and removed a small leather bag from his pocket.

   a.   NORCUTT then removed four (4) small Ziploc baggies from the leather bag and each bag contained a white powdery substance consistent with methamphetamine.  Your affiant observed within the leather bag an additional four (4) Ziploc bags of methamphetamine and a small pipe used to ingest controlled substances.

   b.   NORCUTT initially gave your affiant three (3) Ziploc bags purporting to contain methamphetamine and later the fourth bag to total a purported one eighth (1/8) ounce of methamphetamine.  Your affiant then gave NORCUTT two hundred and fifty dollars ($250).

   c.   NORCUTT further indicated that he had firearms available for sale and would be able to provide your affiant with more methamphetamine.

d.  Agents field-tested a portion of each Ziploc bags containing the white powdery substance and it tested presumptively positive for methamphetamine.    The total weight of the methamphetamine, including packaging, was approximately five (5) grams.

4.  On January 28, 2007, your affiant called NORCUTT and NORCUTT indicated that he had methamphetamine and a firearm for sale.  NORCUTT stated that he had one quarter (1/4) ounce of methamphetamine that he would sell for five hundred dollars ($500) and would bring the firearm. NORCUTT agreed to meet your affiant at the Conoco gas station on 2nd Street and McKinley Street, Casper, Wyoming.

a.  Thereafter, on January 28, 2007, your affiant met with NORCUTT at the Conoco gas station on 2nd Street and McKinley Street.  NORCUTT got into your affiant's vehicle and pulled a small leather bag from his pocket.

b.  NORCUTT showed your affiant that within in the leather bag he had a small pipe used for ingesting controlled substances, a bag of approximately 30 white oblong type pills and two small Ziploc plastic bags containing a white powdery substance.

c.  NORCUTT gave the two Ziploc plastic bags to your affiant and then pulled a firearm, appearing to be a stainless steel Jennings .380 semi-automatic pistol, Model Brico 59, from his waistband and handed it to your affiant.   The pistol was unloaded.

d.  NORCUTT indicated that it would be two hundred and fifty dollars ($250) for the firearm.  NORCUTT further asked your affiant if he wanted any Oxycontin, showing your affiant a small plastic bag containing approximately 30 pills, for ten dollars ($10) each.  NORCUTT then decided to give your affiant two pills purporting to be Oxycontin for free.

e.   Your affiant then gave NORCUTT five hundred dollars ($500) for the methamphetamine - a total of seven hundred and fifty dollars ($750). NORCUTT, prior to departing, told your affiant that he was in the process of obtaining more methamphetamine.

f.   Subsequently, agents weighed the Ziploc baggies containing the white powdery substance and each weighed approximately 4 grams and 3 grams, with packaging, respectively. Agents also field-tested a portion of the white powdery substance in each of the Ziploc plastic bags and it tested presumptively positive for the controlled substance of methamphetamine.

g.   Additionally, upon further inspection of the firearm, it was determined that the serial number on the firearm had been obliterated and removed from the firearm. Your affiant is aware that Jennings firearms are not made in the State of Wyoming.

5.   Thereafter, on January 30, 2007, your affiant spoke with NORCUTT on the telephone and NORCUTT indicated he had methamphetamine for sale.

a.   Subsequently, on January 31, 2007, your affiant again spoke with NORCUTT on the telephone. NORCUTT indicated that he would be able to get two (2) ounces of methamphetamine for four thousand dollars ($4,000).   Your affiant and NORCUTT agreed to talk about this more later.

b.   Later, your affiant again spoke with NORCUTT on the telephone and informed your affiant that he would not be able to get two (2) ounces right away but could provide your affiant with one (1) ounce and, within fifteen minutes, would be able to get another one (1) ounce of methamphetamine.   Your affiant and NORCUTT agreed to meet at the Conoco gas station on 2nd Street and McKinley Street, Casper, Wyoming.

c.   Subsequently, your affiant observed NORCUTT enter into the Conoco gas station to meet with your affiant.   Your affiant was then arrested, struggling and fighting with agents during his arrest, and then searched.   Your affiant and agents found the following items on NORCUTT:  a Ziploc bag containing a white powdery substance consistent with methamphetamine, a large amount of cash and a knife.

d.   The Ziploc bag containing the white powdery substance weighed approximately 28 grams and agents also field-tested a portion of it, which tested presumptively positive for methamphetamine.

6.  Your affiant has also determined that NORCUTT has a lengthy criminal history, including three (3) felony convictions.  NORCUTT was convicted of a felony in:

2002 for possession of laboratory equipment with intent to manufacture methamphetamine and was sentenced to four to six (4-6) years of imprisonment;

2002 for possession and manufacturing of a weapon with unlawful intent and was sentenced to one to two (1-2) years of imprisonment; and in

2005 for child endangerment (permitting or allowing a child to be present where methamphetamine is located) and was sentenced to two (2) years.

**FURTHER YOUR AFFIANT SAYTEH NOT**

## PENALTY SUMMARY

**DATE:**                       February 1, 2007

**DEFENDANT NAME:**   **RAYMOND NORCUTT, JR.**

# VICTIM:              No

**OFFENSE AND PENALTIES**:

| | | |
|---|---|---|
| OFFENSE: | **Ct. 1 & 2:** | **21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**<br>(Distribution of Methamphetamine) |

PENALTIES:                      0-20 YEARS IMPRISONMENT
$1,000,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:        **Ct. 3:**      **18 U.S.C. §§ 922(g)(1) and 924(a)(2)**
(Felon in Possession of a Firearm)

PENALTIES:                      0-10 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:        **Ct. 4:**      **18 U.S.C. § 924(c)(1)(A)(i)**
(Possession of Firearm In Furtherance of Drug Trafficking
Crime)

PENALTIES:                      5 YEARS CONSECUTIVE IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:        **Ct. 5:**      **18 U.S.C. §§ 922(k) and 924(a)(1)**
(Possession of Firearm with Obliterated Serial Number)

PENALTIES:                      0-5 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:     **Ct. 6:**     **18 U.S.C. §§ 841(a)(1) and (b)(1)(C)**
     (Possession with Intent to Deliver Methamphetamine)

PENALTIES:     0-20 YEARS IMPRISONMENT
$1,000,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS:**     5-80 YEARS IMPRISONMENT
$3,750,000 FINE
3 YEARS SUPERVISED RELEASE
$600 SPECIAL ASSESSMENT

**AGENT:**     Jack J. Killey     **AUSA:**  Darrell L. Fun

**ESTIMATED TIME OF TRIAL:**     **INTERPRETER NEEDED:**

XX   five days or less     _____ Yes
_____ over five days     XX  No
_____ other

**THE GOVERNMENT:**

XX  will     _____ The court should not grant bond
     because the defendant is not bondable
_____ will not     because there are detainers from other
     jurisdictions

    **SEEK DETENTION IN THIS CASE.**